## In re LIDDELL.

### Patent Appeal No. 3408.

Court of Customs and Patent Appeals.
March 19, 1934.

Kenyon & Kenyon, of New York City (Edgar F. Baumgartner, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed an application in the United States Patent Office for a patent on certain alleged improvements in filters, particularly a filtering unit for the removal or recovering of solid substances suspended in fluids. Several claims were allowed, but claims 47, 48, 49, 50, 51, 52, and 53 were rejected by the Examiner, which rejection was affirmed by the Board of Appeals. The claims are very lengthy. The Board of Appeals has cited claim 47 as typical. This claim reads as follows:

"47. A hollow metal edge-filter having large filtering surface in relation to the mass of metal thereof, and having its free filtering area large in relation to its surface and divided into apertures of small dimension by metal parts that are of small dimension between said apertures and are of relatively larger dimension in a direction normal to said filtering surface and resistant to pressure in said direction, which comprises a continuous metal ribbon having narrow edges and relatively wide faces; the width of the ribbon bearing such relation to the thickness thereof that bending of the ribbon in the normal plane of the width thereof buckles the ribbon out of that plane; the ribbon having a uniform curvature in the plane of its width and the metal of the ribbon being permanently set, thereby rendering permanent said curvature, and one wide face of the ribbon being provided with irregularities; the ribbon being in the form of a hollow substantially cylindrical helix comprising a multiplicity of turns with the width of the ribbon substantially normal to the axis of the helix; the curvature of the helix in a plane normal to the axis thereof bearing such relation to the permanent curvature of the ribbon in the normal plane of its width that the ribbon constituting the helix lies in non-buckled form, with all parts of the plane of the width of the ribbon substantially normal to the axis of the helix, with the edges of the successive turns of the ribbon in substantial alinement and with the wide faces of successive turns of the ribbon in opposed relation and said irregularities engaging the opposed face of an adjacent turn of the ribbon and in part spacing adjacent turns of the ribbon; and means for holding said turns of the ribbon against relative movement."

Appellant's device consists of a combination of elements; the particular device which is shown by his disclosure being constructed and adapted for use as an oil filter in internal combustion engines. The device consists of a cylinder inclosing a filtering unit. The cylinder has an inlet for the fluid to be filtered, through which the oil or other substance enters. After the oil is forced through the filter, an outlet is provided through which the oil can leave the cylinder and enter into the oil circulation of the engine. The filter unit comprises a cylinder; the walls of the cylinder being a helix formed from a flat metal ribbon, which ribbon is quite thin in relation to its width, and is provided with projections of predetermined height extending from one face thereof. The ribbon is preferably preformed, with one edge longer than the other, so that the ribbon has a definite uniform curvature, thereby allowing it to be formed into a helix with its faces transverse to the axis of the helix and with the projections of one turn in contact with the smooth face of the adjacent turn. Such an arrangement creates a series of small, narrow, elongated openings through the walls of the filter unit, by means of which oil or fluid entering the interior of the cylinder may be forced through these small openings, which openings are so sized that solid material contained in the fluid may be retained by the wall of the filter unit.

The fluid to be filtered may be passed from the outside inwardly between the turns of the helix, or from the inside outwardly, but the inventor states in his specification that he prefers the former arrangement to facilitate cleaning of the filtering unit. The metal ribbon is preferably so formed that it is thinner in the direction in which the fluid is flowing, so that the apertures have diverging walls and there is less liability of the clogging of the filter. Various methods of sustaining the flat ribbon helix are shown in the application. In one form of the device the caps at the ends of the filter are held against the opposite end turns of the helix by means of tie rods which extend the entire length of the filter unit, inside of the helix and in contact with it. In another form, a fluted drum similarly located is used. In another form, the adjacent turns of the helix are secured to each other by means of solder.

The tribunals of the Patent Office rejected the claims in issue here, on the following references: Evans, 207,802, September 10, 1878; Laidlaw, 456,829, July 28, 1891; Eynon, 491,341, February 7, 1893; King, 765,182, July 19, 1904; Gobbi (British), 30,303, December 28, 1909; Coates (British), 282,846, January 5, 1928; Swedish patent, 62,832, April 27, 1927.

The Board of Appeals has found that, as to the shaping of the thin ribbon which composes the helix, the principal reference is the Gobbi patent. However, the rejection of the claims in issue here rests, not upon the Gobbi patent exclusively, but upon various elements disclosed in all of the references cited.

An examination of these references will, we think, show that the various elements which make up the combination here involved are disclosed by the references cited. The Gobbi patent discloses a filter of circular form, built up of a "spiral metallic ribbon or plate, so that the spirals are superposed, these spirals having on one side interstices separating each of the turns of the spiral, by which the filtration is effected." The drawings accompanying this patent disclose a formation of this ribbon of metal of the same character as that involved here; each superposed spiral being supported on projections extending radially across the width of the ribbon. The principal controversy about this reference arises from the claim of the appellant that Gobbi does not show these ribbon elements to be arranged in the form of a "hollow substantially cylindrical helix." It is thought by the appellant that, inasmuch as Gobbi describes his ribbon element to be arranged in a spiral, this does not support the language "substantially cylindrical helix."

The word "spiral" is thus defined in Webster's New International Dictionary (1932): "Spiral 1. Geom. a. The path (generally plane) of a point that moves round an axis while continuously receding from (or approaching) it. b. A helix."

The word "helix" is thus defined by the same lexicographer: "Helix 1. Anything having a spiral form, as an electrical conducting coil; * * * b. Math. The curve formed on any cylinder, esp. a right circular cylinder, by a right line in a plane that is wrapped round the cylinder, as an ordinary screw thread; any curve, on a developable surface, that rolls out into a right line when the surface is flattened out upon a plane."

As to this feature, the Board of Appeals states: "* * * It is urged by applicant that the patent disclosure is vague and indefinite and does not with certainty pertain to a helix as disclosed in the application but on the other hand may refer to a plurality of separate elements each in the form of a spiral, said elements being assembled in the manner shown in Fig. 2. This contention is deemed entirely without merit and especially so since the patent states in line 8 that the interstices separate each of the turns of the spiral. The patent disclosure describing a spiral in which the turns are so separated as shown in Fig. 2 must refer to a spiral of the helical type."

We agree with the conclusion of the Board of Appeals in this respect. It is quite evident, from an inspection of the Gobbi drawings and a reading of his specification, that the inventor must have had in mind an arrangement of his ribbon element in the form of a helix, as in the disclosure of the appellant here. It is argued that Gobbi, being a foreign patent, is ambiguous as to the helix feature, and that his patent cannot be aided by presumption or implication, but can only be given weight according to the matters which are therein actually disclosed. This is the law. Hall v. Stahl, 65 F.(2d) 594, 20 C. C. P. A. 1192, and cases therein cited. However, Gobbi is not claimed to be a complete anticipation. If the foreign patent clearly discloses a certain feature, or certain features, of the claimed invention, it may be used in connection with other references to negative

patentability of the claims. In re Cross, 62 F.(2d) 182, 20 C. C. P. A. 710.

The Coates reference shows a preformed wire, coiled to form the shape of a cylinder. This reference shows an arrangement of the superposed wires with projections creating the same general character of apertures for filtering which are shown by the appellant.

The Swedish patent to Aktiebolaget Öljeeldning discloses a filter with a spirally wound wire filtering element, which wire is wound about a cross-shaped support, and which filter, in general, is formed as is the device of the appellant. Transverse bar supports for the helices are shown by the patent to King. King also shows the superposed wire spirals to have "narrow slits or slots between the helices." The shape of the cross-section of the wire used by King is a truncated triangle. The filter is so constructed that the wider portion of the slot between two superposed wires is placed on the side of the filter element toward which the flow of liquid goes.

The references Eynon, Laidlaw, and Evans show that the art was fully advised of the methods of bending flat bars of metal into spiral or helical coils, the art which is claimed herein as essential to the proper construction of appellant's device.

It is contended by the appellant, and in support of which contention he has filed extensive affidavits in the Patent Office, that great difficulties were encountered in the manufacture of the helix used in appellant's filter unit, because of the tendency of the metallic ribbon to buckle and to stand on edge, and that it was only after the greatest difficulties that appellant was able to overcome this tendency. It will be observed, however, that the application here is not for a process, but for the product of a process, and that patentability, if it exists at all, must exist in the structure which the appellant has produced.

As we view the matter, after a careful study of the references, it appears that every element of the combination which the appellant claims was known to the prior art at the time appellant filed his application. There does not appear to be any new and different result of the use of said elements in this combination than the ordinary result of the use of the same elements, individually, as they were used in the prior art. Hence it follows that the claims which were rejected do not state any patentable subject-matter. It is doubtless true that the appellant has a successful device. However, success alone does not connote patentability. There must also be invention. In re Crowley, 55 F.(2d) 463, 19 C. C. P. A. 915; In re Whitaker, 47 F.(2d) 386, 18 C. C. P. A. 1011.

The decision of the Board of Appeals is affirmed.

**Affirmed.**